UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|  |  |
|---|---|
| | : |
| DEMETRIUS ANDERSON FRETT-ALI, | : CASE NO. 1:20-CV-02034 |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : OPINION & ORDER |
| | : [Resolving Doc. No. 1] |
| JUDGE KATHLEEN SUTULA, et al., | : |
| | : |
| Defendants. | : |
| | : |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Demetrius Anderson Frett-Ali, a prisoner in the Lake Erie Correctional Institution, sued Cuyahoga County Common Pleas Court Judge Kathleen Sutula and former Cuyahoga County Sheriff Clifford Pinkney.  The Complaint is composed of unintelligible rhetoric, without relevant factual allegations and legal claims.

Plaintiff states he is a Moorish-American sovereign, having expatriated himself from all countries.  He states he has full ownership of his name through UCC financing statements and bonds.  He cites the Moorish Zodiac Constitution and the Treaty of Peace and Friendship as support for his claim that his conviction is a commercial adhesion license contract of coercion.  He seeks immediate release and monetary damages.

Although the Court does not hold *pro se* pleadings to the same standard as filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C.

§1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]

A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2]

A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]

A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff. [6]

Plaintiff's Complaint fails to meet basic notice pleading requirements. To comply with Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds that support the claim.[7] Because Plaintiff's Complaint contains neither factual allegations nor discernable legal claims, it does not meet these basic requirements.

---

[1]  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2]  *Neitzke*, 490 U.S. at 327.
[3]  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4]  *Id.* at 678.
[5]  *Id.*
[6]  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[7]  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

2

Accordingly, this action is dismissed under 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

s/   James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[8]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

3